IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS MOURATIDIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 22-CV-4631 |
| JAMES MATTHEW, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**BARTLE, J.**                                                                  **FEBRUARY 16, 2023**

Louis Mouratidis filed this action asserting claims against six Philadelphia police officers: Captain James Matthew, and Detectives William Murphy, Velazquez, Gibson, Cangelosi, and Repici. The claims arise from an incident that led to Mouratidis's arrest and his being charged with numerous offenses including possession of an instrument of crime with intent, terroristic threats with intent to terrorize another, simple assault, reckless endangerment, and aggravated assault. *See Commonwealth v. Mouratidis*, CP-51-CR-0000059-2022 (C.P. Philadelphia). All Defendants are named in their official capacities only. Currently before the Court are Mouratidis's Complaint ("Compl." (ECF No.2)), and his Motion for Leave to Proceed *In Forma Pauperis* (ECF No.1). For the following reasons, the Court will grant Mouratidis leave to proceed *in forma pauperis* and dismiss the Complaint in part with prejudice. Mouratidis's individual capacity claims against Defendant Murphy will be dismissed without prejudice.

I.     **FACTUAL ALLEGATIONS**[1]

Briefly stated,[2] Mouratidis alleges he was engaged as a volunteer to clean trash from a business at 1012 Cherry Street in Philadelphia on July 29, 2020.  (Compl. at 5-6.)  The business formerly housed a kung fu academy.  (*Id*.)  After six hours of work in warm weather, he walked out of the building and witnessed "hoodlums" throwing trash that he had placed outside back into the building.  (*Id*. at 6.)  He "presumed them as criminal attackers" and attempted "to stop the assault of property and self protection" in a "legitimate exercised perfect self defense by one who appraises the necessity & the amount of justification to repeal property damage. . . ."  (*Id*. at 7.)  The police arrived and allegedly investigated without Mouratidis being present since he had left the scene.  (*Id.* at 10.)  He claims that the persons to whom the police talked lied to them and later did so in court with the "intent to deprive" Mouratidis.  (*Id*.)  He alleges that unidentified police officers conducted an improper and capricious investigation, disregarded "the whole subject matter" and selectively enforced the laws to charge him illegally.  (*Id*. at 12.)

Defendant William Murphy allegedly took statements during the investigation and "took the law into [his] hands . . . to increment [sic, possibly indict] the plaintiff for exercising protection of property & potential self protection."  (*Id*. at 16.)  Although Mouratidis lists the other Defendants in the caption of the Complaint and alleges their positions in the Philadelphia Police Department, he makes no specific allegation concerning their involvement in the incident

---

[1] The factual allegations are taken from Mouratidis's Complaint (ECF No. 2.)  The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Mouratidis's forty-five-page Complaint is lengthy and contains many pages of legal citations, statutory citations, dictionary definitions, indecipherable verbiage, and other impertinencies.  The Court will not repeat allegations that are immaterial to the claims he seeks to assert.

he describes.  Mouratidis seeks money damages for violations of his civil rights against all

Defendants.³  (*Id*. at 25.)

## II.   STANDARD OF REVIEW

The Court grants Mouratidis leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same

standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

³ Mouratidis labels his pleading as a "Complaint Civil & Criminal Action."  (Compl. at 1.)  Any claim alleging criminal liability or a violation of a criminal statute as a basis for civil liability is dismissed with prejudice.  "A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties").

Also, criminal statutes generally do not give rise to a basis for civil liability.  *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution.").  Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute.").

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mouratidis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

Mouratidis seeks to assert constitutional violations. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Mouratidis's official capacity claims must all be dismissed with prejudice. Official capacity claims against the six Philadelphia police officers are actually claims against the City of Philadelphia. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). To plead a basis for liability against a municipal entity such as the City of Philadelphia under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, a plaintiff must establish that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to [plaintiff's] injury." *Id.* (internal quotations and alterations omitted). Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a plausible claim. *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021)

("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  Because Mouratidis fails to allege that he was injured due to a custom or policy of the City, his official capacity claims against the named Defendants are not plausible and will be dismissed.

To the extent Mouratidis seeks to assert claims against the Defendants in their individual capacities, those claims are either not plausible or cannot proceed at this time.  First, other than Defendant Murphy, who allegedly took statements during the investigation and "took the law into [his] hands . . . to increment [sic, possibly indict] the plaintiff for exercising protection of property & potential self protection," (Compl. at 16), Mouratidis fails to allege that the other named Defendants acted to violate his constitutional rights.  The claims against Captain James Matthew, and Detectives Velazquez, Gibson, Cangelosi, and Repici accordingly are dismissed. *Rode*, 845 F.2d at 1207.

The claim against Defendant Murphy cannot proceed at this time.  The Court understands Mouratidis to be asserting a claim in the nature of malicious prosecution against Murphy.  Because Mouratidis's criminal case has not been resolved, the Court must abstain from hearing his § 1983 claim against Murphy.

Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*).  "*Younger* abstention is only appropriate in three types of underlying state cases:  (1) criminal

prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function." *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

*Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the publicly available docket for Mouratidis's criminal case indicates that those proceedings are still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Mouratidis an adequate opportunity to argue in the state forum that the charges brought against him should be dismissed based on Murphy's

allegedly improper conduct in investigating the incident.[4]  Further, there is nothing in the Complaint to indicate that Mouratidis falls within any of the narrow exceptions to the *Younger* doctrine.  *See also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings").  Accordingly, it is appropriate to abstain from entertaining the claims against Murphy out of deference to the state judicial process.  *Accord Peay*, 133 F. App'x. 31; *Ridge*, 984 F. Supp. 2d 364; *see also Ellis v. Mondello*, No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

    An appropriate Order follows dismissing this case with prejudice except for the claim against Murphy, which will be dismissed without prejudice pending the resolution of the underlying criminal case.  Mouratidis may refile his claim against Defendant Murphy when his criminal proceedings are complete and, **if they are fully resolved in his favor**.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

[4] This Court may assume that the state procedures will afford him an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").

question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted).